1
2
3
4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7     RONALD JERRELL INMAN,                    Case No. 18-cv-02062-SI

8                      Plaintiff,
                                               **ORDER OF DISMISSAL**
9             v.
                                               Re: Dkt. No. 1
10    STEVEN J. BECHTOLD, et al.,

11                     Defendants.

12

13          Ronald Jerrell Inman, an inmate at the Correctional Training Facility in Soledad,

14    California, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to allege violations of his

15    civil rights. His complaint is now before the court for review under 28 U.S.C. § 1915A.

16

17                                        **BACKGROUND**

18          This action is the latest chapter in Ronald Inman's dispute with prison officials about his

19    claimed allergy to onions. Inman asserts three claims in the present action: (1) an opposing

20    attorney improperly disclosed Inman's mental health records during litigation about a claimed

21    onion allergy; (2) the California Court of Appeal incorrectly ruled against Inman in later litigation

22    about the disclosure of his mental health records; and (3) the California Court of Appeal violated

23    his rights to due process and equal protection in that same appeal by allowing his opponent

24    additional time to file a brief and denying Inman's request for summary judgment.

25          Inman's first claim arises out of events occurring during the litigation of a habeas petition

26    he had filed in the Monterey County Superior Court in which he alleged that prison officials had

27    not addressed his claimed onion allergy. Respondent was ordered to file a response to the habeas

28    petition. Attorney Steven Bechtold, representing the Receiver's Office of Legal Affairs, filed a

1    response that included a portion of Inman's mental health records. The mental health records

2    consisted of a four-page report by a psychologist that discussed, among other things, Inman's

3    claimed onion allergy and listed an Axis I diagnosis of "delusional disorder, somatic type."

4    Docket No. 1 at 9-12. "Based on this record, Bechtold urged the court to consider the diagnosis of

5    delusional disorder, somatic type, as evidence that plaintiff believed he had a physical condition

6    for which there was no physiological basis." Docket No. 1 at 39 (California Court of Appeal

7    opinion).[1] Inman claims that attorney Bechtold's disclosure of Inman's mental health records was

8    improper and done "to belittle him and/or smear his credibility." *Id.* at 3.

9    After the mental health records were disclosed, Inman filed a tort action in the Monterey

10   County Superior Court on March 10, 2015, alleging that his mental health records had been

11   disclosed improperly by attorney Bechtold. Docket No. 4, 24. The superior court struck the

12   complaint without leave to amend (erroneously, in Inman's view), explaining that "Bechtold's

13   court filing was privileged under Civil Code section 47. The court further [found] that the Welfare

14   and Institutions Code provisions invoked by plaintiff do not apply, and HIPAA does not create a

15   private right of action for plaintiff." Docket No. 1 at 32. Inman appealed to the California Court

16   of Appeal.

17   Inman's second and third claims arise out of events occurring in the California Court of

18   Appeal. While the case was pending on appeal, respondent failed to file its brief on time so Inman

19   requested summary judgment. Instead of granting plaintiff's requested relief, the appellate court

20   gave respondent notice to file a brief within 15 days or the case could be deemed submitted

21   without such a brief. Docket No. 1 at 85. Respondent then filed a brief. On September 21, 2017,

22   the California Court of Appeal affirmed the superior court's order striking Inman's complaint.

23   Docket No. 1 at 4, 37. The second claim in the present case is that the California Court of Appeal

24   erroneously applied California Civil Code 47 in affirming the superior court's ruling. The third

25   claim in the present case is that the California Court of Appeal violated Inman's due process and

26   equal protection rights by allowing respondent to file a late brief rather than granting Inman's

27

28   [1] Inman's litigation regarding the claimed onion allergy failed at all three levels in state
     court, and in the district court.

2

1    request for summary judgment.

2

3                                                **DISCUSSION**

4           A federal court must engage in a preliminary screening of any case in which a prisoner

5    seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

6    U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

7    claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

8    seek monetary relief from a defendant who is immune from such relief.  *See id.* at §

9    1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

10   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

12   right secured by the Constitution or laws of the United States was violated and (2) that the

13   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

14   U.S. 42, 48 (1988).

15          The first claim in the complaint, regarding the disclosure of Inman's mental health records,

16   repeats a claim that already has been presented to, and rejected by, this court.  In *Inman v.*

17   *Spearman*, No. 15-cv-1767 SI, Inman alleged a claim for a violation of his rights under HIPAA,

18   the Health Insurance Portability and Accountability Act of 1996 based on this disclosure of his

19   mental health records.  The court rejected the claim with this analysis:

20          The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),
             Pub.L. 104-191, 110 Stat. 1936, 29 U.S.C. §§ 1181 et seq., 42 U.S.C. §§ 30gg and
21          1320d et seq. includes limits [on] disclosure of certain medical records, *see* 42
             U.S.C. § 1320d-1; 45 C.F.R. § 164.508. HIPAA "provides no private right of
22          action." *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1081 (9th Cir. 2007);
             *see, e.g., Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb* and
23          dismissing prisoner's claim under HIPAA for disclosure of his medical records).
             Inman's HIPAA claim is dismissed without leave to amend because there is no
24          private right of action under HIPAA.

25                 To the extent Inman urges that the disclosure of the psychiatric report in the
             superior court caused him to lose that case, he must seek relief in the state court
26          action in which the document allegedly was used improperly or in the California
             Court of Appeal.  This court does not have appellate jurisdiction over the Monterey
27          County Superior Court or any other state court.

28

                                                     3

1    Docket No. 3 at 4 in *Inman v. Spearman*, No. 15-cv-1767 SI.[2]

2        The first claim in the complaint in this action is frivolous because it is duplicative of the

3    claim alleged in the complaint filed in the 2015 action. *See Cato v. United States*, 70 F.3d 1103,

4    1105 n.2 (9th Cir. 1995)*; Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or

5    repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C.

6    § 1915 as malicious). Having lost once in this court, Inman is not free to simply return at a later

7    date to file a new action in federal court presenting the same claim again. The first claim is

8    dismissed as frivolous. Leave to amend will not be granted because it would be futile: the

9    duplicative nature of the claim cannot be cured by amendment

10       The second and third claims – based on the alleged misdeeds of the California Court of

11   Appeal in Inman's appeal -- must be dismissed for a different reason. A federal district court is a

12   court of original jurisdiction and does not have appellate jurisdiction over a decision from a state

13   court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983);

14   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise

15   appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine applies even when the state

16   court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*,

17   805 F.2d 888, 893 n.3 (9th Cir. 1986), and even when federal constitutional issues are at stake, *see*

18   *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), *overruled on other grounds recognized by*

19   *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017). The *Rooker-*

20   *Feldman* doctrine essentially bars federal district courts "from exercising subject matter

21   jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL,*

22   *Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

23       Here, Inman's second and third claims ask this court to review the decision of the

24   California Court of Appeal. That is plainly disallowed under the *Rocker-Feldman* doctrine.

25   Inman's recourse for errors in the California Court of Appeal was to seek review in the California

26

27           [2] In the 2015 case, Inman also alleged a claim that prison officials were being deliberately

28   indifferent to his onion allergy. That part of the case was later dismissed because it was barred by
the doctrine of res judicata. Docket No. 21 in *Inman v. Spearman*, No. 15-cv-1767 SI.

Supreme Court, not to commence a new action in the federal district court. This court lacks jurisdiction to entertain the second and third claims in the complaint.

### CONCLUSION

This action is DISMISSED because the only claim over which the court has subject matter jurisdiction fails to state a claim upon which relief may be granted.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 31, 2018

_____
SUSAN ILLSTON
United States District Judge